HALL, Judge.
In this case the owner-lessor and the lessee of a residence, and their respective insurers, seek to recover from each other property damages sustained as a result of a fire at the residence. Prom a judgment in favor of the lessee and his insurer, the owner and his insurer appeal.
The amount of damage, insurance coverage, and the cause of thé fire were stipulated. The fire was caused by the igniting of grease on a stove located in the kitchen of the residence.
The only evidence in addition to the stipulation is the testimony of Mr. and Mrs. Zang, the lessee and his wife, taken by deposition. They had lived in the residence about four years, during which time they experienced considerable difficulty with the electric range. One of the difficulties was the burners heating when in the “off” position. On several occasions Mrs. Zang called the owner, who was a builder, and he sent one of his men to work on the stove. About three weeks prior to the fire, Mrs. Zang received a shock from the left rear burner. She complained to the owner and he sent a man who worked on the burner.
On the day of the fire, Mrs. Zang put a pan filled with cooking oil on the left rear burner, preparatory to cooking supper. She checked and was satisfied the burner was not on. She left the house to pick her husband up at work and when they returned about 30 to 45 minutes later, the kitchen was on fire.
The trial judge found Mrs. Zang left the grease on a burner which had not been turned on, that the grease probably ignited because of the faulty condition of the stove which was the responsibility of the owner, and that Mrs. Zang was free of negligence. The evidence supports these findings.
Appellants contend the doctrine of res ipsa loquitur is applicable, citing Gregory v. Guarisco, 320 So.2d 354 (La.App. 2d Cir. 1975). In Gregory, the lessee of a building used as a restaurant was held liable to the owner for property damage caused by a fire originating in a deep fat fryer owned by the lessee. Applying res ipsa loquitur and shifting the burden to the defendant to prove his freedom from negligence, this Court found the most plausible explanation of the fire was the negligence of the lessee, the fire could not reasonably be attributed to any other cause, and there was no evidence that the appliance malfunctioned.
The instant case differs in several respects. The appliance here was owned by the landlord, not the tenant, and its condition was the owner’s responsibility. Mrs. Zang’s testimony that the burner was not turned on and that she checked and was *90 satisfied it was off when she left the house negates negligence on her part. The evidence of prior malfunctions supports the probability of malfunction of the burner as the cause of the fire.
Appellants also argue that leaving the pan of grease on the burner knowing of the previous malfunction amounted to negligence on the part of Mrs. Zang. In view of the fact that the burner had recently been worked on and apparently repaired, and in view of the fact that Mrs. Zang checked and was satisfied the burner was off when she left the house, there was no negligence on her part.
For the reasons assigned, the judgment of the district court is affirmed at appellants’ costs.
Affirmed.